**Certiorari Granted, March 21, 2014, No. 34,558**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2014-NMCA-038**

**Filing Date: January 21, 2014**

**Docket No. 32,482**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**TRUNG HO,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Pranava Upadrashta, Assistant Attorney General
Santa Fe, NM

for Appellee

Frechette & Associates, P.C.
Todd Hotchkiss
Albuquerque, NM

for Appellant

## OPINION

**BUSTAMANTE, Judge.**

**{1}** Trung Ho (Defendant) pled guilty to the charge of solicitation of a child by electronic communication device. Along with his sentence for incarceration and probation, he was also ordered to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). *See* NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2013). Defendant appeals only the order to register. The issue on appeal boils down to whether a

1

2007 amendment making the crime of child solicitation by electronic communication device subject to SORNA was effective, given that the Legislature later amended the same section of SORNA—twice. We conclude that the 2007 amendment the State relies on was not effective. Consequently, we reverse the district court's ruling that Defendant must register as a sex offender.

**BACKGROUND**

**{2}** Our analysis depends on: (1) the history and language of the 2007 amendments to the statutes at issue here (Sections 29-11A-3 and -5); (2) the statutes guiding the Compilation Commission (NMSA 1978, Section 12-1-8 (1977, amended 2013); and (3) *State v. Smith*, 2004-NMSC-032, 136 N.M. 372, 98 P.3d 1022, in which the Supreme Court examined a situation similar to that here. We begin by examining each topic in turn and then apply what we learn to the facts here.

**A.      Sections 29-11A-3(E) and 29-11A-5(E)**

**{3}** The statutes at issue are Section 29-11A-3(E) (1995, amended 2007)[1] and Section 29-11A-5(E) (1995, amended 2007) as they existed in 2012 when Defendant pled guilty. These sections list the crimes for which registration as a sex offender is required and for which the department of public safety must keep records, respectively. *See* §§ 29-11A-3(E) and -5(E). In 2007, the Legislature passed two bills that amended both sections. One, Senate Bill (SB) 735, was introduced on January 31, 2007, and passed by the Senate on March 9, 2007. *See The Senate Journal*, 48th Leg., 1st Sess., L.D. 40, at 1185 (N.M. Mar. 9, 2007); S.B. 735, 48th Leg., 1st Sess. (N.M. 2007), *available at* http://www.nmlegis.gov/Sessions/07%20Regular/final/SB0735.pdf; 2007 N.M. Laws, ch. 68, §§ 1, 2. The other, SB 528, was introduced on January 25, 2007, and passed by the Senate on March 11, 2007. *See The Senate Journal*, 48th Leg., 1st Sess., L.D. 42, at 1390 (N.M. Mar. 11, 2007); S.B. 528, 48th Leg., 1st Sess. (N.M. 2007), *available at* http://www.nmlegis.gov/Sessions/07%20Regular/final/SB0528.pdf; 2007 N.M. Laws N.M., ch. 69, §§ 5, 6. Thus, while SB 528 was introduced first, it was passed in the Senate second. Both bills were passed in the House of Representatives on March 17, 2007, and signed by the Governor on March 29, 2007. *See The Senate Journal*, 48th Leg., 1st Sess., L.D. 57, at 1877-78 (N.M. Mar. 17, 2007); S.B. 735, 48th Leg., 1st Sess. (N.M. 2007), *available at* http://www.nmlegis.gov/Sessions/07%20Regular/final/SB0735.pdf; S.B. 528, 48th Leg., 1st Sess. (N.M. 2007), *available at* http://www.nmlegis.gov/Sessions/07%20Regular/final/SB0528.pdf.

**{4}** The title to SB 735 stated that it was "[a]n [a]ct relating to sex offenders; creating a new criminal offense known as child solicitation by electronic communication device; adding the offense of child solicitation by electronic communication device to sex offender

---

[1]This subsection is now Section 29-11A-3(I) (1995, amended 2013).

registration requirements; providing an extended period of parole for the offense of child solicitation by electronic communication device." S.B. 735, 48th Leg., 1st Sess. (N.M. 2007). Among other changes, it amended Section 29-11A-3(E) and Section 29-11A-5(E) to include child solicitation by electronic communication device within the list of crimes for which registration is required. *See* 2007 N.M. Laws, ch. 68, §§ 1, 2.

**(5)** SB 528 amended the same sections. The title to SB 528 stated that it was "[a]n [a]ct relating to sex offenders" and that the act was "creating a new crime of aggravated criminal sexual penetration; increasing penalties for sex offenses against minors; responding to Jessica's Law; imposing lifetime parole supervision for certain sex offenders; clarifying standard of proof; clarifying definitions; increasing period of parole for criminal sexual contact of a minor in the fourth degree." S.B. 528, 48th Leg., 1st Sess. (N.M. 2007). The substantive modifications to Sections 29-11A-3(E) and -5(E) related only to the crime of aggravated criminal sexual penetration. *See* 2007 N.M. Laws, ch. 69, § 5, 6. The final version of SB 528 did not incorporate the amendments to Section 29-11A-3(E) passed by the Senate two days before. Instead, other than the new crime it added, SB 528 simply incorporated the list of offenses covered by SORNA as it existed before passage of SB 735. *See* 2007 N.M. Laws, ch. 69, §§ 5, 6; § 29-11A-3(E).

**{6}** In 2013, Section 29-11A-3 was amended again.[2] House Bill 570—enrolled as 2013 N.M. Laws, ch. 152, § 1, effective July 1, 2013—added child solicitation by electronic communication device to the list of offenses covered by SORNA. *Id.*; *see* § 29-11A-3(I). The title to House Bill 570 stated, among other things, that it was an act "reconciling multiple amendments to the same sections of law in Laws 2007." H.B. 570, 51st Leg., 1st Sess. (N.M. 2013), *available at* http://www.nmlegis.gov/Sessions/13%20Regular/final/HB0570.pdf.

**B.     Section 12-1-8**

**{7}** When presented with "two or more acts . . . enacted during the same session of the [L]egislature amending the same section of the NMSA," the Compilation Commission is governed by Section 12-1-8. Although the parties focus on the current version of this statute, we rely on the version of Section 12-1-8 that was extant at times relevant to this case. *See* Section 12-1-8 (2012). At the time, Section 12-1-8(A) provided for compilation of the act last signed by the governor and annotation of the difference between the act compiled and any other act amending the same section.

> [I]f two or more acts are enacted during the same session of the [L]egislature amending the same section of the NMSA, regardless of the effective date of the acts, *the act last signed by the governor* shall be presumed to be the law and *shall be compiled in the NMSA*. The history following the amended

---

[2]Section 29-11A-5 was not modified by the 2013 amendment.

3

section shall set forth the section, chapter and year of all acts amending the section. *A compiler's note shall be included in the annotations setting forth the nature of the difference between the acts or sections*[.]

(Emphasis added.) In addition, Section 12-1-8(B) governed what the Commission should do if the amendments were irreconcilable.

> [I]f two or more irreconcilable acts dealing with the same subject matter are enacted by the same session of the [L]egislature, *the last act signed by the governor shall be presumed to be the law*. The act last signed by the governor shall be compiled in the NMSA with *an annotation following the compiled section setting forth in full the text of the conflicting acts*.

(Emphasis added.) Under both subsections (A) and (B), the Commission was required to compile the act last signed by the governor. The difference between these subsections appears to be how extensive the Commission's annotations must be.[3] Here, the Compilation Commission apparently concluded that SB 528 was signed last and compiled only that act. Section 29-11A-3 annot. It noted its decision and included the list of covered offenses from SB 735 in the annotations.

> Laws 2007, ch. 68, [Section] 1 and Laws 2007, ch. 69, [Section] 5 both enacted amendments to this section. Pursuant to [Section] 12-1-8 . . . , Laws 2007, ch. 69, [Section] 5, as the last act signed by the governor, has been compiled into the NMSA as set out above, and Laws 2007, ch. 68, [Section] 1, while not compiled pursuant to [Section] 12-1-8 . . . , is set out in pertinent part below.

Section 29-11A-3 (2007 amend annot.).

## C.    *State v. Smith*

**{8}**    In *Smith*, our Supreme Court considered a situation in which three amendments to the same section were passed during the same session. 2004-NMSC-032, ¶ 2. The second amendment modified the penalties for driving while intoxicated (DWI) and the first and third modified other portions of the DWI statute. *Id.* Both the first and third amendments restated the penalty portions of the statute as they existed before passage of the second amendment. *Id.*; *see* N.M. Const. art. IV, § 18 ("No law shall be revised or amended, . . . but each section thereof as revised, amended or extended shall be set out in full."). Pursuant to Section 12-1-8, the third amendment was compiled into the New Mexico Statutes Annotated and the other

---

[3]The current version of Section 12-1-8(A) (2013) requires the Compilation Commission to strive to incorporate into the compiled act any provisions that can be reconciled with the last-signed amendment, as well as to note the history of all amendments.

two amendments were printed in full in the annotation. *Smith*, 2004-NMSC-032, ¶ 3. The defendants were sentenced according to the penalties in the second amendment. *Id.* ¶ 4. The Court of Appeals held that the three amendments were irreconcilable and that, consequently, only the third amendment was valid, and reversed the defendants' sentences. *Id.* ¶¶ 5, 13.

**{9}** The question before the Supreme Court was whether only the last amendment signed by the governor or all three amendments were valid. *Id.* ¶ 7. The Court reversed, stating that the Court of Appeals decision rested "on a faulty premise, namely, that the three amendments . . . are irreconcilable." *Id.* ¶ 13. Recognizing that "[its] task is to construe statutes in harmony whenever possible[,]" the Court examined the language and purpose of each amendment and concluded that "all three can be construed harmoniously to give effect to each." *Id.* ¶ 13. The Court also held that the fact that the third amendment "restated the . . . language of [the statute] as it existed before [the second amendment] became law" was not dispositive of legislative intent. *Id.* ¶ 18.

> We are skeptical of reading too much into a passive and incidental legislative act, namely, the reprinting of old . . . provisions in two bills . . . that were fashioned to address subjects other than [those addressed in the third bill]. A better explanation lies in the random timing of bill passage in the [L]egislature.

*Id.* ¶ 19. The act last signed by the governor actually "passed the [L]egislature six days before [the second amendment] was passed." *Id.* (emphasis omitted). The Court concluded that reliance on the fact that the third amendment included language that pre-existed the second amendment was contrary to its role in giving effect to legislative intent.

> Given the dynamic and sometimes frenzied way in which bills are introduced, passed, and signed into law during a single legislative session, we would place an impractical burden on both the legislature and the governor, if we were to require them to reconcile all bills in advance of their passage or signature[.]

*Id.* ¶ 20. "[The] better rule[,]" the Court held, "is to make legislative intent paramount to the application of a mechanical rule." *Id.* ¶ 21. Having found little evidence that the [L]egislature intended the passage of the third amendment to negate the previous two, it held that Section 12-1-8 is only a "legislative directive guiding the [C]ompilation [C]ommission [which] does not preclude [the courts] from giving effect to legislative intent." *Smith*, 2004-NMSC-032, ¶¶ 24, 25. *Smith* thus preserved the presumption that the last amendment signed by the governor is the law as stated in Section 12-1-8, but rejected the notion that "the last-enacted amendment is always the [L]egislature's final word" in favor of an analysis founded on construction of legislative intent. *Smith*, 2004-NMSC-032, ¶ 25.

**DISCUSSION**

5

**{10}** Using the principles derived from these sources, we now turn to construction of SORNA to determine whether child solicitation by electronic communication device was a SORNA-covered crime at the time of Defendant's plea. "Interpretation of a statute is an issue of law that we review de novo." *State v. Hall*, 2013-NMSC-001, ¶ 9, 294 P.3d 1235. Based on *Smith*, we decline Defendant's invitation to apply Section 12-1-8 strictly and hold that he is not subject to SORNA simply because SB 735 was not compiled into the NMSA. *See Smith*, 2004-NMSC-032, ¶ 25 (rejecting application of Section 12-1-8 as a "bright-line rule"). Rather, we look to the purposes and language of the two bills to determine whether the [L]egislature could have intended both to be valid. *See Hall*, 2013-NMSC-001, ¶ 9 (stating that "[o]ur main goal when interpreting a statute is to give effect to the Legislature's intent" and that construction of a statute depends on the purpose, language, history, and background of the statute).

**{11}** Our analysis is complicated by the timing of the amendments to SORNA. Absent the 2013 amendment, we would apply *Smith* and conclude that SB 735 and SB 528 are reconcilable because they have different purposes and the substantive changes they made to the list of SORNA-covered offenses are not at odds. *See Smith*, 2004-NMSC-032, ¶ 17. For instance, the titles of the two bills, although similar in some ways, indicate that each bill addresses a distinct issue. *See id.* ¶¶ 14-16 (using the titles to analyze the amendments to the DWI statute and determining that each bill addressed a different purpose); *see also* NMSA 1978, § 12-2A-13 (1997) ("Headings and titles may . . . be used in construing a statute or rule [when] they are contained in the enrolled and engrossed bill[.]"); *Black's Law Dictionary* 186 (9th ed. 2009) (defining an "engrossed bill" as "[a] bill in a form ready for final passage by a legislative chamber" and an "enrolled bill" as "[a] bill passed by both houses of the legislature and signed by their presiding officers"). In addition, the substantive changes to SORNA made by each bill do not conflict. One bill created the crime of child solicitation by electronic communication device and made it subject to SORNA, whereas the other created the crime of aggravated sexual penetration and made it subject to SORNA. There is no mention of SB 735 or child solicitation by electronic communication device in SB 528. Thus, nothing in the title or language of the two bills would lead us to believe that the [L]egislature intended passage of SB 528 to undo the changes effected by passage of SB 735.

**{12}** Furthermore, under *Smith*, we would give little weight to the fact that SB 528 incorporated the list of SORNA-covered offenses as it existed before passage of SB 735. Given that SB 528 was passed by the Senate only two days after SB 735, we would conclude that inclusion of the outdated list in SB 528 was the result of the "sometimes frenzied way in which bills are introduced, passed, and signed into law" rather than an implied repeal of SB 735. *Smith*, 2004-NMSC-032, ¶ 20; *see id.* ¶ 22 ("[W]e are not obliged to read into [the inclusion of law as it existed before amendment] a repeal by implication of other legislation passed in the same session. Repeals by implication are not favored."). Thus, we would conclude further that the Legislature intended both SB 528 and SB 735 to be valid and, therefore, child solicitation by electronic communication device was covered by SORNA. The district court's order to register as a sex offender would be affirmed.

6

**{13}** But we cannot ignore the import of the 2013 amendment to Section 29-11A-3(I), the existence of which requires a different outcome. "[A] core judicial responsibility . . . is to construe and give full force and effect to legislative intent." *Smith*, 2004-NMSC-032, ¶ 25. The express purpose of the 2013 amendment was, in part, to "reconcil[e] multiple amendments to the same sections of law in Laws 2007." H.B. 570, 51st Leg., 1st Sess. (N.M. 2013). It is clear from the fact that the Legislature sought to "reconcile" the 2007 amendments through an additional amendment that it viewed the 2007 amendments as irreconcilable. *See N.M. Indus. Energy Consumers v. N.M. Pub. Regulation Comm'n*, 2007-NMSC-053, ¶ 20, 142 N.M. 533, 168 P.3d 105 (stating that the courts must give words in statutes their ordinary meaning unless it is clear the Legislature intended otherwise). It is also clear that the Legislature believed it was necessary to pass the 2013 amendment in order to make child solicitation by electronic communication device a SORNA-covered crime. *See In re Estate of Greig*, 1988-NMCA-037, ¶ 12, 107 N.M. 227, 755 P.2d 71 ("Courts assume that the [L]egislature will not enact useless statutes or amendments.").

**{14}** Thus, although without considering the 2013 amendment, we might have concluded that the Legislature intended both 2007 amendments to be valid, we are obligated to give effect to the Legislature's intent behind the 2013 amendment. To do otherwise would be to assume that the amendment was simply redundant, an assumption contrary to the core principles of statutory construction. *See Martin v. Middle Rio Grande Conservancy Dist.*, 2008-NMCA-151, ¶ 10, 145 N.M. 151, 194 P.3d 766 ("It is axiomatic that the courts, when construing statutory language, must presume that the [L]egislature did not . . . intend to perform a useless act when enacting the statute." (internal quotation marks and citation omitted)); *City Comm'n of Albuquerque v. State ex rel. Nichols*, 1965-NMSC-104, ¶ 20, 75 N.M. 438, 405 P.2d 924 ("This court has the duty to construe acts so that all of the acts of the [L]egislature will be operative."). We conclude, therefore, that child solicitation by electronic communication device was not a SORNA-covered crime at the time that Defendant pled guilty. Furthermore, since the 2013 amendment specifies that child solicitation by electronic communication device is a SORNA-covered crime only "for convictions occurring on or after July 1, 2013[,]" the amendment does not apply to Defendant. Section 29-11A-3(I)(11). The district court's order requiring Defendant to register as a sex-offender is, therefore, reversed.

**CONCLUSION**

**{15}** For the foregoing reasons, we reverse the district court's order that Defendant register as a sex offender under SORNA.

**{16}** **IT IS SO ORDERED.**

---

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

7

_____
**CYNTHIA A. FRY, Judge**


_____
**M. MONICA ZAMORA, Judge**

**Topic Index for *State v. Ho*, No. 32,482**

**CRIMINAL LAW**
Sexual Exploitation of Children

**MISCELLANEOUS STATUTES**
SORNA (Sexual Offender Registration and Notification Act)

**STATUTES**
Legislative Intent
Rules of Construction