This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                              **No. 36,041**

**JOSEPH HAGER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Ramsey & Hoon, LLC
Twila A. Hoon
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant appeals from the district court's judgment in an on-record appeal,

affirming the metropolitan court's sentencing order that convicted Defendant for DWI

under a conditional, no-contest plea agreement. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. Having considered Defendant's response, we remain unpersuaded. Accordingly, we affirm.

{2}    On appeal, Defendant contends that the officer lacked reasonable suspicion for the stop and probable cause for arrest. [DS 10-11; MIO 2-5] Defendant did not preserve his challenge to the stop and, as explained in our notice, the reservation in the conditional plea agreement of an unpreserved issue does not adequately present the issue for our review. *See State v. Morgan*, 2016-NMCA-089, ¶¶ 29-33, 382 P.3d 981 (explaining that the district court equivalent of Rule 7-502(A)(3), compiled as Rule 5-304(A)(2) NMRA, embodies both preservation and reservation requirements and requires that the defendant first preserve the issue before reserving the right to appeal a ruling on that issue); *see also State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). Thus, we decline to address this matter further.

{3} Defendant did preserve and reserve his challenge to his arrest on the basis that the officer lacked probable cause, and therefore, it is properly before us. [RP 5, 177-78] Defendant continues to argue that the officer lacked probable cause because of the somewhat conflicting evidence regarding Defendant's odor of alcohol and whether Defendant was stopped for speeding or the faulty illumination of his license plate, and because the officer did not know how Defendant's detached retina affected his balance in the field sobriety tests (FSTs), given all the other evidence that Defendant was driving normally and walking and talking normally. [MIO 4-5]

{4} There was evidence of less-than-safe driving and intoxication, however, as set forth by the district court. [RP 172-75] Defendant was driving at a faster than normal speed through the parking lot, such that his Jeep made an audible noise going quickly over a speed hump. [RP 172] Defendant smelled of alcohol and admitted to drinking a beer. [RP 174] Defendant's speech was noticeably "dragged," and he had bloodshot, watery eyes. [RP 174, 177] Defendant performed poorly on three FSTs. [RP 173-74] *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that "the smell of alcohol emanating from [the d]efendant, [the d]efendant's lack of balance at the vehicle, and the manner of [the d]efendant's performance of the FSTs constituted sufficient circumstances to give the officer the requisite objectively reasonable belief that [the d]efendant had been driving while intoxicated and to

3

proceed with BAC tests, and thus constituted probable cause to arrest [the d]efendant"). We continue to believe, as did the district court, that the evidence was adequate to support the officer's probable cause to believe that Defendant was driving while impaired to the slightest degree. [RP 176] *See id.* ¶ 9 ("Our probable cause inquiry is whether it was objectively reasonable for the officer to believe that [the d]efendant had been driving while he was to the slightest degree impaired, that is, unable to exercise the clear judgment and steady hand necessary to handle a vehicle in a safe manner. (internal quotation marks and citations omitted)). It is not our role on appeal to resolve conflicts in the evidence or to determine where the weight and credibility lie, *see State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482, and Defendant's arguments about the contrary evidence ask us to engage in these prohibited practices. For these reasons, we affirm.

{5} Lastly, we address Defendant's statements regarding his right to appellate review. [MIO 2] Defendant's comments seem to imply that he has not or will not be afforded the appropriate scrutiny of our three-panel appellate review where we base the disposition of appeals on reasons given in the district court's memorandum opinions. We remind Defendant that a single judge authors all calendar notices, and then the appellants have an opportunity to respond. Thereafter a three-judge panel reviews the appeals and participates in considering and drafting the opinions. This

4

Court dutifully reviews all appeals and issues before it and reaches its own conclusions, regardless of the procedural mechanisms by which appeals come to this Court. As we routinely explain in the cases that come before us from on-record appeals, we avoid the duplication of efforts where there is no reason to expend judicial resources to restate a thorough opinion of a court sitting as we do in an appellate capacity that reaches a result with which we agree for the same reasons we would state. This Court will deviate from district court opinions where we see fit. We encourage counsel for future docketing statements to focus on pointing out errors in both metropolitan court decisions and in the consistently thorough district court memorandum opinions that come before us from on-record appeals, in order to take full advantage of our responsive calendaring process.

**{6}** For the reasons stated in our notice and in this opinion, we affirm Defendant's conviction.

**{7}** **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**

5

_____

**JULIE J. VARGAS, Judge**