This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39369**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BENNY MURRILLO a/k/a
BENNY RENE MURILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
Dustin K. Hunter, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}**    Defendant was convicted of two counts of first degree criminal sexual penetration (CSP) of a minor under the age of thirteen, contrary to NMSA 1978, Section 30-9-11(D)(1) (2009); and two counts of criminal sexual contact of a minor (CSCM), contrary to NMSA 1978, Section 30-9-13(B)(1) (2003). On appeal, Defendant initially raised three issues: the sufficiency of the evidence; the district court's denial of Defendant's

motion for mistrial, which was based on an improper prosecutorial comment during closing argument; and ineffective assistance of counsel. The parties have subsequently agreed that Defendant's ineffective assistance of counsel claim is better suited to be brought in a habeas corpus proceeding. Having reviewed the arguments and the record, we agree that the record on direct appeal does not establish a prima facie case for ineffective assistance of counsel, and we, therefore, reject the claim. *See State v. Morgan*, 2016-NMCA-089, ¶ 17, 382 P.3d 981 (explaining the requirements for an ineffective assistance of counsel claim on direct appeal). Defendant is not foreclosed from reasserting the argument in a habeas proceeding. *See State v. Arrendondo*, 2012-NMSC-013, ¶¶ 39, 44, 278 P.3d 517 (concluding the record did not support a prima facie case for ineffective assistance of counsel claim but observing that the defendant was "free to pursue habeas corpus proceedings where he may actually develop the record with respect to these issues").

**{2}** We address each of Defendant's remaining arguments in turn and affirm. Because this is a memorandum opinion, we discuss the facts only as they become necessary to our analysis.

## DISCUSSION

### I. Sufficiency of the Evidence

**{3}** Defendant argues that the evidence did not support his convictions for CSP and CSCM. "We review the sufficiency of the evidence under a substantial evidence standard." *State v. Smith*, 2001-NMSC-004, ¶ 7, 130 N.M. 117, 19 P.3d 254. For this analysis, we view the evidence "in the light most favorable to the prosecution" to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). We do not substitute our judgment for the jury's and do not reweigh the evidence. *Id.* Our review of the record confirms that the evidence at trial supported the jury's verdicts for all four of the charged crimes.

**{4}** Counts 1 and 2 charged Defendant with CSP of a child under thirteen. To find Defendant guilty on Count 1, the jury was instructed that it must find Victim was under thirteen years old and that Defendant "caused the insertion, to any extent, of his finger into the vagina or vulva of" Victim. *See* UJI 14-957 NMRA. For Count 2, a guilty verdict required the jury to find that Victim was under thirteen and that Defendant caused her "to engage in sexual intercourse." *See id.* We have carefully reviewed Victim's testimony, and conclude that it sufficed to establish each of these elements. Victim testified that her "last birthday before the police came" was her tenth. Victim testified that Defendant put his fingers in her "lower front," where she "go[es] pee." Victim testified that Defendant put "his front," the part that "boys use to go to the bathroom," in her "front," where she "go[es] pee." As a result, the evidence supported the jury's verdict on Counts 1 and 2.

**{5}**     To find Defendant guilty on Counts 3 and 5,[1] the jury again had to find that Victim was under the age of thirteen. *See* UJI 14-925 NMRA. Additionally, for Count 3, the State had to prove that Defendant "touched or applied force to" Victim's unclothed breasts, and for Count 5, "touched or applied force to" Victim's unclothed vulva or vagina. *See id.* As noted above, Victim testified that she was ten when Defendant touched her unclothed "chest" or "boobs" and "front where [she went] pee." As with Counts 1 and 2, Victim's trial testimony supports each of the elements for Counts 3 and 5.

**{6}**     We, therefore, hold that the jury's verdicts were supported by the evidence at trial.

## II.     Defendant's Motion for Mistrial

**{7}**     Defendant maintains that the district court should have granted his motion for mistrial resulting from a single comment made by the State during closing argument. Specifically the State asserted, "I don't know how many times she's sat back and worked for [this defense attorney,] Mr. Mitchell, worked for the defense to try to tear them apart." Based on this comment, Defendant argues that (1) the State implicated facts not in evidence, and (2) the comment was unfairly prejudicial because the evidence at trial was largely "he said/she said" and the comment undermined Defendant's expert and painted her as a "hired gun." We review for abuse of discretion the district court's denial of Defendant's motion for mistrial. *See Smith*, 2001-NMSC-004, ¶ 32. "Because trial judges are in the best position to assess the impact of any questionable comment, we afford them broad discretion in managing closing argument." *State v. Sosa*, 2009-NMSC-056, ¶ 25, 147 N.M. 351, 223 P.3d 348.

**{8}**     Generally, "[d]uring closing arguments, remarks by the prosecutor must be based upon the evidence or be in response to the defendant's argument." *State v. Montgomery*, 2017-NMCA-065, ¶ 13, 403 P.3d 707 (internal quotation marks and citation omitted). Our Supreme Court has identified "three factors to consider when reviewing questionable statements made during closing arguments for reversible error." *State v. Torres*, 2012-NMSC-016, ¶ 10, 279 P.3d 740. Those factors, or "useful guides," include the following: "(1) whether the statement invades some distinct constitutional protection; (2) whether the statement was isolated and brief, or repeated and pervasive; and (3) whether the statement was invited by the defense." *Id.* (alterations, internal quotation marks, and citation omitted). Defendant does not argue that the State's comment invaded a distinct constitutional protection or that the comment was repeated and pervasive. *See Smith*, 2001-NMSC-004, ¶¶ 32-33 (considering whether the state's comment invaded the defendant's right to be free from comment on post-arrest silence); *State v. Sena*, 2020-NMSC-011, ¶¶ 26-27, 470 P.3d 227 (determining that what was initially a twenty-second comment became pervasive after the jury heard the district court overrule the defendant's objection and the state then "took advantage of the ruling and repeated and embellished her improper argument, giving it additional emphasis").

---

1The State dismissed Count 4 after the jury heard Victim's testimony.

**{9}** Defendant argues that (1) the comment was improper because the State never asked the expert about "her prior work for defense counsel," implicating a fact—that Dr. Cave had repeatedly and previously worked for Mr. Mitchell—not in evidence; and (2) the prejudicial impact of the comment was "magnified" because the evidence was "he said/she said" and undermined Dr. Cave as a "hired gun" when she was the only witness to challenge the validity of the forensic interview. The State suggests that Defendant invited the comment by offering expert testimony to refute Victim's credibility and that in context, the State's comment in closing argument was based on evidence elicited during the State's cross-examination of Dr. Cave and was designed to highlight that expert's bias. The State's comment, in context, does not rise to the level of reversible error. *See Torres*, 2012-NMSC-016, ¶ 10 (emphasizing that the "context is paramount" and that if the comment "materially altered the trial or likely confused the jury by distorting the evidence, the [s]tate has deprived the defendant of a fair trial, and reversal is warranted" (internal quotation marks and citation omitted)). We briefly outline the comment in the context of the expert's trial testimony.

**{10}** During trial, Dr. Cave testified that she had performed seven forensic safe house interviews of children in the prior ten years. On cross-examination, she initially stated that she had never testified for the prosecution and later agreed that she had "primarily" testified for the defense. In closing argument the State asserted:

> I asked her about the last ten years about her activity. Have you published, have you been active in the field? No, and she said she doesn't publish that is not her role. In the last [twenty] years, have you made any contributions? No. She's done seven forensic evaluations, forensic interviews of children.

After that, the State made the challenged comment: "I don't know how many times she's sat back and worked for Mr. Mitchell, worked for the defense to try to tear them apart." Defendant objected and moved for a mistrial, and the district court directed the State to "move on and focus on the facts in this case." The State asked whether the district court would give a curative instruction, and the district court indicated an instruction was not necessary.

**{11}** Considered in context, the State's closing argument comment did not deprive Defendant of a fair trial and result in reversible error. The State's comment was related to Dr. Cave's experience with forensic interviews of children and her testimony that she had worked "primarily" on behalf of the defense or had never worked for the prosecution. *See Montgomery*, 2017-NMCA-065, ¶ 13 (explaining that "statements having their basis in the evidence, together with reasonable inferences to be drawn therefrom, are permissible and do not warrant reversal" (internal quotation marks and citation omitted)). The comment was brief and curtailed by Defendant's objection and the trial court's directive to the prosecutor to move on. The State itself raised the matter of a curative instruction, and Defendant did not object when the district court indicated no instruction was necessary. *See State v. Collins*, 2005-NMCA-044, ¶ 41, 137 N.M. 353, 110 P.3d 1090 ("It is the duty of the complaining party to request a curative

instruction."), *overruled on other grounds by State v. Willie*, 2009-NMSC-037, ¶ 18, 146 N.M. 481, 212 P.3d 369. Under these circumstances and in this context, we hold that the State's single comment in closing did not deprive Defendant of a fair trial, *see Torres*, 2012-NMSC-016, ¶ 10, and the district court did not commit reversible error by denying Defendant's motion for mistrial.

**CONCLUSION**

**{12}** Having found no error, we affirm.

**{13}  IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge**